IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 0 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| A.J. MORRIS, M.D., A.J. MORRIS, M.D., P.A., AND RIO GRANDE VALLEY IMAGING, INC., § § § § Plaintiffs, § § v. § § TOSHIBA AMERICA MEDICAL SYSTEMS, INC., JUAN GARCIA, LEO PEREZ, AND CURE SOUTHEAST MEDICAL SERVICES, INC., § § § § § Defendants. § | CIVIL ACTION NO. B-07-217 |

## OPINION & ORDER

BE IT REMEMBERED that on March 19, 2008, the Court **GRANTED** Plaintiff's Motion to Remand, Dkt. No. 5.

I. **Background**

Plaintiffs, A.J. Morris, M.D., A.J. Morris, M.D. P.A., and Rio Grande Valley Imaging, Inc., filed suit in the 404th Judicial District Court of Cameron County, Texas alleging causes of action for tortious interference with prospective contractual or business relations, conversion, negligence, trespass to personal property, theft under the Texas Theft Liability Act, fraud and fraud in the inducement, and deceptive practices under the Texas Deceptive Trade Practices Act. Dkt. No. 1, Ex. 4. Defendant Toshiba America Medical Systems, Inc., ("Toshiba"), removed the case to federal court asserting that "there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)." Dkt. No. 1, at 2. Defendant Toshiba stated that Plaintiffs are citizens of Texas, Defendant Toshiba is a citizen of California, and Defendant Cure Southeast Medical Services, Inc. is a citizen of Florida. *Id.* Defendant Toshiba argues that Defendants Juan

1

Garcia and Leo Perez, citizens of Texas, were fraudulently joined and thus their citizenship should not defeat diversity. *Id.* at 3.

## II.     Remand

This Court has diversity jurisdiction where the case involves citizens of different states and the alleged damage exceeds $75,000 in value, exclusive of interest and costs. 28 U.S.C. § 1332. For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state in which it maintains its principal place of business. *Id.* at § 1332(c)(1). This diversity of citizenship must be complete — meaning that the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See* Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974)). Defendant, as the removing party, bears the burden of establishing adequately that federal subject matter jurisdiction exists. Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775-75 (5th Cir. 1986). Remand is appropriate where the defendant fails to meet that burden.

A defendant is fraudulently joined where "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Madison v. Vintage Petroleum, Inc., 114 F.3d 514, 516 (5th Cir. 1997) (emphasis in original) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Defendant Toshiba has not persuaded this Court that Defendants Garcia and Perez were fraudulently joined.

"A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." Leyendecker & Associates, Inc. v. Wechter, 683 S.W.2d 369, 375 (Tex. 1984). *See also* Miller v. Keyser, 90 S.W.3d 712, 717 (Tex. 2002) (restating "Texas' longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts"). However, the employee is only liable where plaintiff alleges specific actions of the employee that injured plaintiff. McIntire v. Rollins, Inc., 888 F. Supp. 68, 68 (S.D. Tex. 1995). Moreover, the employer is jointly and severally liable for an employee's negligence. *See Leyendecker & Associates, Inc.*, 683 S.W.2d at 375. *See*

*also* Baptist Mem. Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998) ("Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an . . . employee acting within the scope of his or her . . . employment."); W.P. Carmichael Co. v. Miller, 178 S.W. 976, 977 (Tex. App. 1915) (An employer is jointly and severally liable for an employee's negligence.).

In the complaint, Plaintiffs specifically alleged that Defendants Garcia and Perez negligently repaired the machines or knew or should have known that the machines were negligently installed and failed to correct the problem. Dkt. No. 1, Ex. 4 at 7. Plaintiffs asserted that Defendants Garcia and Perez proximately caused damage and that under the doctrine of respondeat superior Defendant Toshiba, their employer, is liable. *Id.* at 8. Moreover, Plaintiffs alleged that the Defendants are jointly and severally liable. *Id.* at 11.

Defendant Toshiba argues that Plaintiffs' claims against Defendants Toshiba, Garcia, and Perez sound in contract not tort. Dkt. No. 6, at 5-6. However, as explained in dicta by a Texas appellate court, where no contract exists between the plaintiff and the defendant employee, negligence claims cannot be recast as contract claims. Cimarron Hydrocarbons Corp. v. Carpenter, 143 S.W.3d 560 (Tex. App. 2004). Therefore, Plaintiffs have alleged viable negligence claims against Defendants Garcia and Perez. As Defendants Garcia and Perez were properly joined in this matter, the parties are not completely diverse and remand is appropriate.

### III.  Conclusion

BASED ON THE FOREGOING, the Court **GRANTS** Plaintiff's Motion to Remand, Dkt. No. 5.

DONE at Brownsville, Texas, on March 19, 2008.

Hilda G. Tagle
United States District Judge